| | |
|---|---|
| DAVID JOHNSTON, | Case No. 2:19-cv-00073-GMN-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| VIVA CAPITAL LLC, et al. | |
| Defendants. | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

This matter is before the Court on Plaintiff's Motion to Seal Exhibit Records (ECF No. 3), Motion to Allow Exhibits Over 100 Pages (ECF No. 4), and Motion for Appointment of Counsel (ECF No. 6) filed January 10, 2019.

Plaintiff filed this instant action and filed an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915. Plaintiff appears *pro se* and alleges claims against Defendants for patent infringement in violation of 35 U.S.C. §§ 261, 271, 1331, and 1338. He also alleges claims of false promises, retaliation – whistleblowing, fraud, and harassment. Under 28 U.S.C. § 1915(e) the Court is required to screen a complaint of an applicant who requests to proceed *in form pauperis*.

The Court has not yet reached its decision related to Plaintiff's complaint, but has reviewed his motion to seal, motion for leave to file excess pages, and motion for appointment of counsel. Upon review and consideration, the Court finds good cause exists and therefore grants Plaintiff's request to seal the records. The Court denies Plaintiff's request to file and allow exhibits over 100 pages (ECF No. 4) and finds the exhibits (ECF No. 2) referred to in Plaintiff's motion do not require attachment to Plaintiff's Complaint. However, Plaintiff may include and

elect to serve these documents in his initial disclosures under Fed. R. Civ. P. 26(a) or identify them as responsive to written discovery requests as this action commences.

Plaintiff further requests an order appointing him counsel in this case because he cannot afford to hire an attorney. He represents the allegations in his complaint constitute a matter of national security and/or great public interest which thereby require appointment of counsel.

There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Board of Regents of Univ. of Alaska*, 673 F. 2d 266, 269 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney represent" litigants proceeding in forma pauperis. Id. The statute does not require the court to appoint counsel to represent such litigants, but only request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989); *United States v. 30.64 Acres of Land*, 795 F. 2d 796, 798-804 (9th Cir. 1986).

A court may only designate counsel pursuant to 28 U.S.C. § 1915(d) in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey*, 673 F.2d at 269; *Wilborn*, 789 F.2d at 1331. Here, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Moreover, Plaintiff demonstrates sufficient ability to write and articulate the complexity of legal issues involved in this case. Plaintiff filed his Application to Proceed *In Forma Pauperis*, as well as four (4) other motions and orders[1], all of which demonstrate that he is able to sufficiently represent himself.

The Court appreciates that it is difficult for pro se parties to litigate their claims that almost every pro se party would benefit from representation by counsel. However, the Court

---

[1] Motion and Order to Seal Exhibit Records (ECF No. 3); Motion and Order to Allow Exhibits Over 100 Pages (ECF No. 4); Motion for Service by US Marshals (ECF No. 5) Motion and Order for Appointment of Pro Bono Counsel (ECF No. 6).

2

cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept appointment is very limited. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Seal Exhibit Records (ECF No. 3), is **granted**. Plaintiff's Motion to Allow Exhibits Over 100 Pages (ECF No. 4) and Motion for Appointment of Counsel (ECF No. 6) are **denied**.

Dated this 15th day of January, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE